IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

Vs.                                 Nos. 05-40003-02-SAC
                                                09-4073-SAC

ALFREDO TORRES,

        Defendant.

MEMORANDUM AND ORDER

This case comes before the court on the pro se defendant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. (Dk. 60). Pursuant to a plea agreement, the defendant pleaded guilty on August 9, 2005, to the charge of possession of methamphetamine with intent to distribute, and on March 14, 2006, he was sentenced to a custody term of 292 months. The defendant waived in his plea agreement the right to appeal or bring a collateral attack on his conviction and sentence. (Dk. 52, Plea Agrmt. p. 17, ¶ 10). Having reserved, however, the right to appeal the district court's ruling on his suppression motion, the defendant appealed. The Tenth Circuit filed its decision on June 11, 2007, affirming the district court's ruling.

On May 13, 2009, the defendant filed his § 2255 motion that is the subject of this order. (Dk. 99). In response, on July 10, 2009, the government has filed a motion to dismiss the defendant's § 2255 motion and to enforce the plea agreement. (Dk. 105). The government seeks dismissal on the grounds that the defendant did not file his motion within the one-year statute of limitations and that the defendant waived in the plea agreement his right to bring any collateral attack on his sentence including a § 2255 motion subject to the exception in *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001), *cert. denied*, 534 U.S. 1085 (2002). The defendant filed a late reply on October 22, 2009, asking for the court's indulgence on this particular late filing and also arguing that his sentence was too long, inconsistent with his minor role, and too harsh in light of the unlawful search of the car.

Pursuant to the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2255 includes a one-year limitation period for federal prisoners to file § 2255 motions. *United States v. Hurst*, 322 F.3d 1256, 1259 (10th Cir. 2003). The limitation period runs "from . . . the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). When a direct appeal is taken, "a criminal conviction becomes final when the

Supreme Court affirms it on direct review, denies certiorari, or (in the absence of a certiorari petition) the time for filing a certiorari petition expires." *United States v. Prows*, 448 F.3d 1223, 1227 (10th Cir.2006) (citing *Clay v. United States*, 537 U.S. 522, 527 (2003)). Because the defendant did not file a petition for certiorari, his conviction became final ninety days after the Tenth Circuit issued its judgment on appeal. The defendant filed his motion more than seven months after the limitations period expired. The defendant's response does not refer to any exceptions in § 2255(f) and refers to no facts or circumstances that would support equitable tolling. The court dismisses the defendant's § 2255 motion as barred by the one-year limitations period.[1]

As required by recent amendments to Rule 11 of the Rules Governing Section 2255 Proceedings, the court will consider in this final order whether to issue a certificate of appealability. Because the court denied movant's § 2255 petition on procedural grounds without reaching

---

[1] Even if the defendant had filed a timely motion, the court would enforce the plea agreement and dismiss the defendant's motion on the alternative ground argued by the government. The defendant specifically and expressly waived his right to bring a § 2255 motion challenging his sentence. The defendant received a sentence with the sentencing guideline range, and he makes no challenge recognized under *Cockerham* exception.

the merits of his claims, the appellant to obtain a COA must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The untimeliness of the movant's petition is a plain procedural bar. The movant has not articulated any exception or any debatable ground for equitable tolling cognizable under Tenth Circuit precedent. Without this showing, the court must deny the defendant's request for a certificate of appealability.

IT IS THEREFORE ORDERED that the defendant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (Dk. 60) is dismissed as barred by the applicable statute of limitations, and the defendant is denied a certificate of appealability.

Dated this 22nd day of December, 2009, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge